UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT WARREN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3123** |
| **BURL CAIN, WARDEN** | **SECTION "I" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner has shown that either the claim relies on: a new, retroactive rule of constitutional law that was previously unavailable, or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

**I.     Factual and procedural background**

The petitioner, Robert Warren, filed a petition seeking habeas corpus relief pursuant to Title 28 U.S.C. § 2254.[2] Petitioner challenges his conviction and sentence for aggravated rape and two counts of sexual battery imposed in the 35th J.D.C. for Grant Parish. Petitioner is presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.

**II.    Improper Venue**

Title 28 U.S.C. § 2241(d) provides for the proper venue in filing a petition for federal habeas corpus relief:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In a multi-district state such as Louisiana, the application may be filed either in the district in which the petitioner is incarcerated or in the district in which he was convicted and sentenced. Petitioner is incarcerated in West Feliciana Parish, which is located within the boundaries of the Middle District of Louisiana. Petitioner's conviction and sentence was imposed in Grant Parish, which is located within the boundaries of the Western District of Louisiana. This Court is not a court of proper venue for the filing of this habeas corpus petition under either consideration.

Title 28 U.S.C. § 1406 provides that the district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss or, if it be in the interest of justice,

---

[2] The Court directed the Clerk by separate Order to file this petition without prepayment of a filing fee. The application for pauper status is deferred to the Western District of Louisiana.

transfer the case to any district or division in which it could have been brought. The Court believes that it is in the interest of justice to transfer the instant petition to the Western District of Louisiana, the district within which the 35th J.D.C. imposed his conviction and sentence.

### III. Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Robert Warren's petition for issuance of a Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 be **TRANSFERRED** to the United States District Court for the Western District of Louisiana. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this 28th day of December, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.